UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80690-RLR

SHANGHAI LIYU
OPTOELECTRONICS CO., LTD.,

    Petitioner,

v.

BRITE LITE TRIBE, LLC,

    Respondent.

_____/

**INDICATIVE RULING ON MOTION TO ALTER OR AMEND JUDGMENT**

    This matter is before the Court upon the Motion to Alter or Amend Judgment and Award Prejudgment Interest Pursuant to FRCP Rule 59, or, in the Alternative, Rule 60 by Petitioner Shanghai Liyu Optoelectronics Co., Ltd. DE 45.  Respondent Brite Lite Tribe, LLC has filed a Response in Opposition to the Motion [DE 49], and Petitioner has filed a Reply [DE 50].  For the reasons below, if the Eleventh Circuit were to remand this action, the Court would grant Petitioner's Motion.

**I.    PROCEDURAL BACKGROUND**

    On May 31, 2024, Petitioner Shanghai Liyu Optoelectronics Co., Ltd. filed a Petition to Confirm and Enforce Foreign Arbitral Award and for Entry of Judgment. DE 1.  The Petition requested that the Court enter an order and judgment against Respondent Brite Lite Tribe, LLC, confirming the arbitration award, which stated as follows:

> (I)    The Respondent shall pay the Applicant $236,626.76 for the unpaid payments.
> (II)    The Respondent shall pay the Applicant a penalty of $7,098.71 for breach of contract.
> (II)    The arbitration fees for this case amounting to RMB 62,967 shall be

> borne entirely by the Respondent. As the Applicant has fully prepaid the arbitration fees for this case, the Respondent shall pay RMB 62,967 to the Applicant.
> (IV) Other arbitration requests of the Applicant are dismissed.

DE 1-2 at 55. In the Petition to Enforce and Confirm Foreign Arbitration, Petitioner requested that this Court grant Petitioner the following:

> a. As provided in the Award, monetary damages in favor of Petitioner in the amount of:
>   a. $236,626.76 for unpaid payments;
>   b. $7,098.71 for a breach-of-contract penalty;
>   c. RMB 62,967 in arbitration fees in its equivalent dollar amount at time of judgment;
> b. Fees and costs incurred in the proceeding, including Petitioner's attorney's fees; and
> c. Such other and further relief as the Court deems just and proper.

DE 1 at 9–10.

On April 8, 2025, after conducting an evidentiary hearing, the Court entered an order granting the Petition to Confirm and Enforce Foreign Arbitral Award. DE 43. In the Order, the Court stated in its conclusion that:

> The Petition is **GRANTED**, and the foreign arbitral award is **CONFIRMED**. Judgment is hereby entered in favor of Petitioner Shanghai Liyu Optoelectronics Co., Ltd., and against Respondent Brite Lite Tribe, LLC.

*Id.* at 14. The Court closed the case and did not issue a separate final judgment. On April 22, 2025, Petitioner filed a Motion for Bill of Costs. DE 44. Respondent did not object, and the Court granted the motion for costs on May 8, 2025. DE 46.

On May 2, 2025, Petitioner filed the instant Motion to Alter or Amend Judgment. DE 45. On May 8, 2025, Respondent filed a notice of appeal as to the Court's Order confirming the arbitration award. DE 47. On May 16, 2025, Respondent filed its Response in opposition to

Petitioner's Motion. DE 49.  Petitioner filed its Reply on May 18, 2025. DE 50.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose."  Under Federal Rule of Appellate Procedure 12.1(b), "If the district court states that it would grant the motion . . . the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."  If the district court concludes that the motion should be granted, then it "should enter an order stating that it intends to grant the motion if this court returns jurisdiction to it." 11th Cir. R. 12.1-1(c)(2).  Further, if the court "determines that the motion raises a substantial issue that warrants further consideration, the district court should enter an order so stating." 11th Cir. R. 12.1-1(d).

## III.    ANALYSIS

**A.     Stating the Monetary Amount of Judgment**

Petitioner's first request is that the Court amend or alter its Order to "state, specifically, what the relief was in the Judgment, e.g., how much money was being awarded to Petitioner." DE 45 ¶ 2.  Petitioner states that "[i]f the Judgment does not state what the dollar amount being awarded is, it creates obvious impediments to enforcement." *Id.* ¶ 3.  Respondent does not directly object to Petitioner's request. *See* DE 49.

"Rule 59 is the proper procedural mechanism to obtain a more complete and explicit recitation in the final judgment of the monetary amount of a judgment." *Mitra v. Glob. Fin. Cor.*, No. 08-80914-CIV, 2009 WL 2423104, at *1 (S.D. Fla. Aug. 6, 2009).  "[T]he decision to alter or

3

amend a judgment is committed to the sound discretion of the district court." *Id.* (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).

Here, the Court entered its Order confirming the Award and closed the case. DE 48. The Court did not enter a final judgment in the civil docket with a separate document, which is required by Federal Rule of Civil Procedure 58. Additionally, Petitioner asserts that the lack of specificity in the Court's Orders creates difficulties with execution. DE 45 ¶ 3.

Therefore, this Court would grant Petitioner's request to amend the judgment so that it includes an explicit statement of the amount of arbitration damages awarded. Furthermore, because "[a] money judgment entered by an American court must be in United States currency," the Court would convert those damages awarded in RMB to U.S. dollars based on the exchange rate from the date the cause of action accrued. *Jamaica Nutrition Holdings, Ltd. v. United Shipping Co., Ltd.*, 643 F.2d 376, 379 n.5 (5th Cir. 1981) (citing *Frontera Transp. Co. v. Abaunza*, 271 F. 199, 202 (5th Cir. 1921)).[1] "Exchange rates listed on the Federal Reserve's system are a fitting subject of a request for judicial notice." *Sequip Participacoes S.A. v. Marinho*, No. 15-23737-MC, 2019 WL 8301064, at *4 (S.D. Fla. Feb. 26, 2019) (quoting *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018)).

Here, Petitioner's claim is for confirmation and enforcement of a foreign award, which arises under the Foreign Arbitration Act and its codification in the New York Convention, which is deemed to arise under the laws and treaties of the United States. *See Sequip Participacoes S.A*, 2019 WL 8301064, at *6; 9 U.S.C. § 203. Therefore, the Court would use "the exchange rates prevailing on the date of the 'breach,' which in the context of an arbitral award confirmation means

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

the day that the award issued." *Cont'l Transfer Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 162 (D.D.C. 2013), *judgment aff'd, appeal dismissed in part*, 603 F. App'x 1, 5–6 (D.C. Cir. 2015); *see also Yukos Cap. S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 12 (2d Cir. 2014) (concluding that because an action to enforce a foreign arbitration award under 9 U.S.C. § 207 arises under domestic law, the proper date of conversion is the date that enforcement action arose, which is the date of the arbitration award).

Therefore, if the Eleventh Circuit were to return jurisdiction, this Court would grant Petitioner's request to amend the judgment so that it includes an explicit statement of the amount of the arbitration damages awarded: $236,626.76 for the unpaid payments; $7,098.71 for breach of contract; and RMB 62,967 for arbitration fees, converted to U.S. dollars as of the date of the arbitration award, December 13, 2023. *See* DE 1-2 at 55.  The Court would take judicial notice of the historic RMB-to-USD conversion rate listed by the Federal Reserve for December 13, 2023, and calculate the converted sum in U.S. dollars accordingly.

**B.     Awarding Pre-Judgment Interest**

Petitioner's second request is that the Court alter its judgment to include post–arbitration award, pre-judgment interest. DE 45 ¶ 8.  In opposition, Respondent argues that (a) Petitioner's request is belated because it was not raised in the initial Complaint, DE 49 ¶ 3; (b) any judgment or entry of an order for a specified sum must be limited to the relief entered in the Award, which does not provide for post-award interest, *id.* ¶ 4; and (c) Petitioner's interest calculation is incorrect and improper, *id.* ¶ 6. DE 49.

The Court addresses each of Respondent's objections in turn.  **First,** as to Respondent's argument that Petitioner's request is belated, Petitioner's reply points out that Petitioner's

5

Complaint requested "such other and further relief as this Court deems just and proper," which could include relief that extends beyond the relief specified in the arbitration Award—that is, pre-judgment interest. DE 50 (citing DE 1 at 9–10).  Furthermore, the U.S. Supreme Court affirmed the Eleventh Circuit and held that a post-judgment motion for discretionary pre-judgment interest falls appropriately under Rule 59(e) because "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989).  And based on the foregoing, other courts in this district have awarded pre-judgment interest to parties who requested that interest for the first time in post-judgment—albeit unopposed—motions. *See, e.g.*, *Mitra*, 2009 WL 2423104, at *2; *Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, No. 19-23059-CIV, 2024 WL 4723104 (S.D. Fla. Nov. 1, 2024), *report and recommendation adopted*, No. 19-23059-CV, 2024 WL 4728741 (S.D. Fla. Nov. 8, 2024). Therefore, the Court is persuaded that Petitioner is not barred from requesting pre-judgment interest in its post-judgment motion.

Respondent's **second** objection is that the Court's judgment must be limited to the relief specified in the arbitration award, which does not include post-award interest.  Petitioner replies that its post-judgment request is appropriate because pre-judgment interest is a form of compensatory relief and intended to ensure the prevailing party is made whole. DE 50 at 3 (citing *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007)).  Eleventh Circuit case law supports Petitioner's argument, describing a district court's discretion to award pre-judgment interest as follows:

> Unlike most other countries, the United States has no federal statute governing awards of prejudgment interest on international arbitral awards. *See* John Y.

> Gotanda, "Awarding Interest in International Arbitration," 90 *Am. J. Int'l L.* 40, 45 (1996). Instead, awards of prejudgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion. *See Osterneck v. E.T. Barwick Ind., Inc.,* 825 F.2d 1521, 1536 (11th Cir.1987); *Waterside Ocean Navigation Co. v. International Navigation Ltd.,* 737 F.2d 150, 153 (2d Cir.1984). Under the law of this circuit, "[p]re-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his," *see Insurance Co. of N. Am. v. M/V Ocean Lynx,* 901 F.2d 934, 942 (11th Cir.1990), and absent any reason to the contrary, it should normally be awarded when damages have been liquidated by an international arbitral award. *See Waterside Ocean Navigation,* 737 F.2d at 153–54 ("Absent persuasive reasons to the contrary, we do not see why pre-judgment interest should not be available in actions brought under the [New York] Convention."); *see also Fort Hill Builders, Inc. v. National Grange Mut. Ins. Co.,* 866 F.2d 11, 14 (1st Cir. 1989) (holding that, under either federal or Rhode Island law, post-award, prejudgment interest should be awarded on domestic arbitral award); *Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59 (3d Cir.1986) (holding that confirmed domestic arbitral award bears interest from date of award, not from date of judgment confirming award).

*Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998), *overruled on other grounds by Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876 (11th Cir. 2023). Because awards of pre-judgment interest are equitable remedies that should normally be awarded absent persuasive reasons to the contrary, the Court would elect to grant Petitioner's request for post-Award, pre-judgment interest.

Finally, the Court turns to Respondent's **third** objection. Respondent asserts that Petitioner's interest calculation is incorrect and improper but does not propose an alternative calculation. DE 49 ¶ 6. Petitioner replies that it welcomes the Court's interest calculation. DE 50 at 4. The Eleventh Circuit has explained that in the absence of a controlling statute, federal courts have discretion to choose the rate at which to determine the amount of pre-judgment interest to be awarded. *Indus. Risk Insurers*, 141 F.3d at 1447. The court's choice of rate "is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding *post-*

7

judgment interest." *Id.* (citing 28 U.S.C. § 1961; Gotanda, *supra,* at 45 and n. 63 (citing cases)).

Therefore, and based on all the above, if the Eleventh Circuit were to return jurisdiction, this Court would exercise its discretion to award Petitioner compensatory post-award, pre-judgment interest. The Court would order the parties to provide supplemental briefing as to what interest calculation would be correct and proper.

## IV.   CONCLUSION

For the foregoing reasons, the Court states that if the Eleventh Circuit were to return jurisdiction, this Court would grant Petitioner's Motion to Alter or Amend Judgment and Award Prejudgment Interest [DE 45].

The Court would amend its Order Granting the Petition to Confirm and Enforce Foreign Arbitral Award [DE 43] to provide specifically that Petitioner shall recover from Respondent $236,626.76 for unpaid payments; $7,098.71 for a breach-of-contract penalty; and RMB 62,967 in arbitration fees, converted to U.S. dollars as of the date of the arbitration award, December 13, 2023. The Court would further alter its Order to award Petitioner post–arbitration award, pre-judgment interest. The Court would request supplemental briefing from the parties to inform the Court as to what interest rate would be fair and reasonable, and what interest calculation would be correct and proper, to compensate Petitioner.

Petitioner's Motion [DE 45] is **TERMINATED**. Any party may move for the motion to be reinstated at such time as jurisdiction returns to this Court.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of June, 2025.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE