**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-80690-RLR**

SHANGHAI LIYU
OPTOELECTRONICS CO., LTD.,

    Petitioner,

v.

BRITE LITE TRIBE, LLC,

    Respondent.

_____/

**<u>ORDER GRANTING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT</u>**

This matter is before the Court upon the Motion to Alter or Amend Judgment and Award Prejudgment Interest Pursuant to FRCP Rule 59, or, in the Alternative, Rule 60 by Petitioner Shanghai Liyu Optoelectronics Co., Ltd. DE 45.  Respondent Brite Lite Tribe, LLC has filed a Response in Opposition to the Motion [DE 49], and Petitioner has filed a Reply [DE 50].  For the reasons below, Petitioner's Motion is **GRANTED**.

**I.  PROCEDURAL BACKGROUND**

On May 31, 2024, Petitioner Shanghai Liyu Optoelectronics Co., Ltd. filed a Petition to Confirm and Enforce Foreign Arbitral Award and for Entry of Judgment. DE 1.  The Petition requested that the Court enter an order and judgment against Respondent Brite Lite Tribe, LLC, confirming the arbitration award, which stated as follows:

> (I)    The Respondent shall pay the Applicant $236,626.76 for the unpaid payments.
> (II)   The Respondent shall pay the Applicant a penalty of $7,098.71 for breach of contract.
> (II)   The arbitration fees for this case amounting to RMB 62,967 shall be borne entirely by the Respondent.  As the Applicant has fully prepaid the arbitration fees for this case, the Respondent shall pay

>    RMB 62,967 to the Applicant.
> (IV) Other arbitration requests of the Applicant are dismissed.

DE 1-2 at 55.  In the Petition to Enforce and Confirm Foreign Arbitration, Petitioner requested that this Court grant Petitioner the following:

> a. As provided in the Award, monetary damages in favor of Petitioner in the amount of:
>    a. $236,626.76 for unpaid payments;
>    b. $7,098.71 for a breach-of-contract penalty;
>    c. RMB 62,967 in arbitration fees in its equivalent dollar amount at time of judgment;
> b. Fees and costs incurred in the proceeding, including Petitioner's attorney's fees; and
> c. Such other and further relief as the Court deems just and proper.

DE 1 at 9–10.

On April 8, 2025, after conducting an evidentiary hearing, the Court entered an order granting the Petition to Confirm and Enforce Foreign Arbitral Award. DE 43.  In the Order, the Court stated in its conclusion that:

> The Petition is **GRANTED**, and the foreign arbitral award is **CONFIRMED**.  Judgment is hereby entered in favor of Petitioner Shanghai Liyu Optoelectronics Co., Ltd., and against Respondent Brite Lite Tribe, LLC.

*Id.* at 14.  The Court closed the case and did not issue a separate final judgment.  On April 22, 2025, Petitioner filed a Motion for Bill of Costs. DE 44.  Respondent did not object, and the Court granted the motion for costs on May 8, 2025. DE 46.

On May 2, 2025, Petitioner filed the instant Motion to Alter or Amend Judgment. DE 45.  On May 8, 2025, Respondent filed a notice of appeal as to the Court's Order confirming the arbitration award. DE 47.  On May 16, 2025, Respondent filed its Response in opposition to Petitioner's Motion. DE 49.  Petitioner filed its Reply on May 18, 2025. DE 50.

2

Because Respondent filed a notice of appeal before the Motion was fully briefed, the Court understood that it no longer had jurisdiction. On June 4, 2025, pursuant to Federal Rule of Civil Procedure 62.1(a) and Federal Rule of Appellate Procedure 12.1(b), this Court issued an indicative ruling stating that if the Eleventh Circuit were to return jurisdiction, the Court would grant Petitioner's Motion.

On July 14, 2025, Petitioner filed a Notice of Entry of Order by Appellate Court. DE 54. The Eleventh Circuit determined that this Court retains jurisdiction to resolve the Motion because Petitioner's Rule 59(e) and 60(b) Motion effectively tolled the appeal period. *See* Fed. R. App. P. 4(a)(4)(B)(i) & 1993 advisory committee note (providing that a notice of appeal filed before a pending timely tolling motion is resolved becomes effective only once the district court resolves the motion); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) (holding that a motion seeking a discretionary award of prejudgment interest constitutes a Rule 59(e) motion).

The Eleventh Circuit stated that "[b]ecause the court's indicative ruling did not substantively resolve Petitioner's motion, the effectiveness of Brite Lite's notice of appeal is currently suspended." *See* Fed. R. App. P. 4(a)(4)(B)(i); S*tansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 745-46 (11th Cir. 2014) (explaining that a notice of appeal filed while a Rule 59(e) motion is pending is "suspended"); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780 (11th Cir. 2005) (noting that a timely Rule 4(a)(4) motion filed by one party tolls the appeal period for all parties).

The Court rules on Petitioner's Motion below.

## II. ANALYSIS

### A. Stating the Monetary Amount of Judgment

Petitioner first requests that the Court amend or alter its Order to "state, specifically, what the relief was in the Judgment, e.g., how much money was being awarded to Petitioner." DE 45 ¶ 2. Petitioner states that "[i]f the Judgment does not state what the dollar amount being awarded is, it creates obvious impediments to enforcement." *Id.* ¶ 3. Respondent does not directly object to Petitioner's request. *See* DE 49.

"Rule 59 is the proper procedural mechanism to obtain a more complete and explicit recitation in the final judgment of the monetary amount of a judgment." *Mitra v. Glob. Fin. Cor.*, No. 08-80914-CIV, 2009 WL 2423104, at *1 (S.D. Fla. Aug. 6, 2009). "[T]he decision to alter or amend a judgment is committed to the sound discretion of the district court." *Id.* (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).

Here, the Court entered its Order confirming the Award and closed the case. DE 48. The Court did not enter a final judgment in the civil docket with a separate document, which is required by Federal Rule of Civil Procedure 58. Additionally, Petitioner asserts that the lack of specificity in the Court's Orders creates difficulties with execution. DE 45 ¶ 3.

Therefore, this Court grants Petitioner's request to amend the judgment so that it includes an explicit statement of the amount of arbitration damages awarded. Furthermore, because "[a] money judgment entered by an American court must be in United States currency," the Court converts the damages award from RMB to U.S. dollars based on the exchange rate from the date the cause of action accrued. *Jamaica Nutrition Holdings, Ltd. v. United Shipping Co., Ltd.*, 643 F.2d 376, 379 n.5 (5th Cir. 1981) (citing *Frontera Transp. Co. v. Abaunza*, 271 F. 199, 202 (5th

4

Cir. 1921)).[1] "Exchange rates listed on the Federal Reserve's system are a fitting subject of a request for judicial notice." *Sequip Participacoes S.A. v. Marinho*, No. 15-23737-MC, 2019 WL 8301064, at *4 (S.D. Fla. Feb. 26, 2019) (quoting *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018)).

Petitioner's claim is for confirmation and enforcement of a foreign award. The award arises under the Foreign Arbitration Act and its codification in the New York Convention, which is deemed to arise under the laws and treaties of the United States. *See Sequip Participacoes S.A*, 2019 WL 8301064, at *6; 9 U.S.C. § 203. Therefore, the Court uses "the exchange rates prevailing on the date of the 'breach,' which in the context of an arbitral award confirmation means the day that the award issued." *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 162 (D.D.C. 2013), *judgment aff'd, appeal dismissed in part*, 603 F. App'x 1, 5–6 (D.C. Cir. 2015); *see also Yukos Cap. S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 12 (2d Cir. 2014) (concluding that because an action to enforce a foreign arbitration award under 9 U.S.C. § 207 arises under domestic law, the proper date of conversion is the date that enforcement action arose, which is the date of the arbitration award).

Therefore, the Court grants Petitioner's request to amend the judgment so that it includes an explicit statement of the amount of the arbitration damages awarded: $236,626.76 for the unpaid payments; $7,098.71 for breach of contract; and RMB 62,967 in arbitration fees, converted to $8,778.95 U.S. dollars based on the December 13, 2023, date of the arbitration award.[2] *See* DE 1-

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

[2] The date of Petitioner's arbitration award was December 13, 2023. The Court takes judicial notice of the historic conversion rate listed by the Federal Reserve for December 13, 2023: 7.1725 Chinese yuan per U.S. dollar. https://www.federalreserve.gov/releases/h10/hist/dat00_ch.htm. Therefore, the Court divides Petitioner's award of RMB 62,967 in arbitration fees by 7.1725 for a converted sum of 8778.95 USD.

2 at 55.  Therefore, the total arbitration damages awarded are $252,504.42.

B.     **Awarding Pre-Judgment Interest**

Petitioner's second request is that the Court alter its judgment to include post–arbitration award, pre-judgment interest. DE 45 ¶ 8.  In opposition, Respondent argues that (a) Petitioner's request is belated because it was not raised in the initial Complaint, DE 49 ¶ 3; (b) any judgment or entry of an order for a specified sum must be limited to the relief entered in the Award, which does not provide for post-award interest, *id.* ¶ 4; and (c) Petitioner's interest calculation is incorrect and improper, *id.* ¶ 6. DE 49.

The Court addresses each of Respondent's objections in turn.  **First,** as to Respondent's argument that Petitioner's request is belated, Petitioner's reply points out that Petitioner's Complaint requested "such other and further relief as this Court deems just and proper," which could include relief that extends beyond the relief specified in the arbitration Award—that is, pre-judgment interest. DE 50 (citing DE 1 at 9–10).  Furthermore, the U.S. Supreme Court affirmed the Eleventh Circuit and held that a post-judgment motion for discretionary pre-judgment interest falls appropriately under Rule 59(e) because "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989).  And based on the foregoing, other courts in this district have awarded pre-judgment interest to parties who requested that interest for the first time in post-judgment—albeit unopposed—motions. *See, e.g.*, *Mitra*, 2009 WL 2423104, at *2; *Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, No. 19-23059-CIV, 2024 WL 4723104 (S.D. Fla. Nov. 1, 2024), *report and recommendation adopted*, No. 19-23059-CV, 2024 WL 4728741 (S.D. Fla. Nov. 8, 2024).

Therefore, the Court is persuaded that Petitioner is not barred from requesting pre-judgment interest in its post-judgment motion.

Respondent's **second** objection is that the Court's judgment must be limited to the relief specified in the arbitration award, which does not include post-award interest. Petitioner replies that its post-judgment request is appropriate because pre-judgment interest is a form of compensatory relief and intended to ensure the prevailing party is made whole. DE 50 at 3 (citing *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007)). Eleventh Circuit case law supports Petitioner's argument, describing a district court's discretion to award pre-judgment interest as follows:

> Unlike most other countries, the United States has no federal statute governing awards of prejudgment interest on international arbitral awards. *See* John Y. Gotanda, "Awarding Interest in International Arbitration," 90 *Am. J. Int'l L.* 40, 45 (1996). Instead, awards of prejudgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion. *See Osterneck v. E.T. Barwick Ind., Inc.,* 825 F.2d 1521, 1536 (11th Cir.1987); *Waterside Ocean Navigation Co. v. International Navigation Ltd.,* 737 F.2d 150, 153 (2d Cir.1984). Under the law of this circuit, "[p]re-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his," *see Insurance Co. of N. Am. v. M/V Ocean Lynx,* 901 F.2d 934, 942 (11th Cir.1990), and absent any reason to the contrary, it should normally be awarded when damages have been liquidated by an international arbitral award. *See Waterside Ocean Navigation,* 737 F.2d at 153–54 ("Absent persuasive reasons to the contrary, we do not see why pre-judgment interest should not be available in actions brought under the [New York] Convention."); *see also Fort Hill Builders, Inc. v. National Grange Mut. Ins. Co.,* 866 F.2d 11, 14 (1st Cir. 1989) (holding that, under either federal or Rhode Island law, post-award, prejudgment interest should be awarded on domestic arbitral award); *Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59 (3d Cir.1986) (holding that confirmed domestic arbitral award bears interest from date of award, not from date of judgment confirming award).

*Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998), *overruled on other grounds by Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876 (11th Cir. 2023). Because awards of pre-judgment interest are equitable remedies that should

7

normally be awarded absent persuasive reasons to the contrary, the Court elects to grant Petitioner's request for post-Award, pre-judgment interest.

Finally, the Court turns to Respondent's **third** objection. Respondent asserts that Petitioner's interest calculation is incorrect and improper but does not propose an alternative calculation. DE 49 ¶ 6. Petitioner replies that it welcomes the Court's interest calculation. DE 50 at 4. The Eleventh Circuit has explained that in the absence of a controlling statute, federal courts have discretion to choose the rate at which to determine the amount of pre-judgment interest to be awarded. *Indus. Risk Insurers*, 141 F.3d at 1447. The court's choice of rate "is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding *post-judgment* interest." *Id.* (citing 28 U.S.C. § 1961; Gotanda, *supra,* at 45 and n. 63 (citing cases)).

Petitioner's interest calculation uses an annual percentage rate of 5.08% based on the relevant fifty-two-week United States Treasury bond rate. *See* DE 45 ¶ 8. Respondent has not elaborated on its objection to Petitioner's calculation method—nor has Respondent specifically objected to Petitioner's use of the 5.08% rate. Because the Court detects no error in Petitioner's interest-calculation method, the Court applies Petitioner's calculation method as follows:

> **Year 1:** December 13, 2023 (Date of arbitration award) to December 13, 2024 (366 days)
> $252,504.42 principal x 5.08% APR x (366/365 days) = $12,862.37 interest
> $252,504.42 + $12,862.37 = $265,366.79 principal
>
> **Year 2** December 14, 2024 to April 8, 2025 (Date of final judgment) (116 days)
> $265,366.79 principal x 5.08% APR x (116/365 days) = $4,284.25 interest
>
> Total interest: $12,862.37 + $4,284.25 = $17,146.62

Therefore, and based on all the above, the Court exercises its discretion to award Petitioner a total of $17,146.62 in compensatory post-award, pre-judgment interest on the $252,504.42 award

8

principal.

### III.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's Motion to Alter or Amend Judgment and Award Prejudgment Interest [DE 45] is **GRANTED**.

2. The Court's Order Granting the Petition to Confirm and Enforce Foreign Arbitral Award [DE 43] is **AMENDED** to specify that Petitioner shall recover from Respondent:

   a. $236,626.76 for unpaid payments;

   b. $7,098.71 for a breach-of-contract penalty;

   c. $8,778.95 in arbitration fees;

For a total of $252,504.42 in arbitration award damages.  Petitioner shall further recover from Respondent $1,292.58 in costs as itemized at docket entry 44.

3. The Court's Order [DE 43] is further **ALTERED** to specify that Petitioner shall recover a total of $17,146.62 in post-award, pre-judgment interest from Respondent.

4. A separate final judgment will follow.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of July, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record